**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
UNITED STATES of AMERICA             :
    -against-                          :   04 Cr. 76 (JFK)
HECTOR ACOSTA,                       :   **Memorandum Opinion**
    Defendant.                         :   **& Order**
------------------------------------X

**JOHN F. KEENAN, United States District Judge**:

    Defendant Hector Acosta moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), in light of the recent retroactive amendments to the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") that reduce the base offense levels for offenses involving cocaine base ("crack"). For the reasons set forth below, Acosta is ineligible for a reduction in sentence under the amended Guidelines, and his motion is denied.

## Background

    On May 21, 2005, Superceding Indictment S4 04 Cr. 76 was filed charging Acosta in four counts: (1) conspiracy to commit robbery, in violation of 18 U.S.C. § 1951 ("Count One"); (2) armed robbery, in violation of 18 U.S.C. §§ 1951 and 2("Count Two"); (3) use of a firearm in relation to a crime of violence, in violation of 18 U.S.C §§ 924(c)(1)(A)(ii) and 2 ("Count Three"); and (4) conspiracy to possess with intent to distribute five and more kilograms of cocaine, in violation of 21 U.S.C. 846 ("Count Four"). On November 16, 2004, Acosta pleaded guilty to Counts One and Four, and the remaining counts were dismissed on motion of the

Government.

On March 15, 2005, Acosta was sentenced to a mandatory minimum sentence of ten years on Count Four, the cocaine distribution conspiracy charge, pursuant to 21 U.S.C. § 841(b)(1)(a). He was also sentenced to a concurrent term of ten years' imprisonment on Count One.

On June 2, 2008, Acosta filed the instant motion.

**Discussion**

The commentary to U.S.S.G. § 2D1.1 recently was amended to provide a two-level reduction of base offense levels in cases involving crack and one or more other controlled substance(s). See Supp. to 2007 Guidelines Manual, § 2D1.1, App. Note 10(D) (eff. May 1, 2008). This amendment took retroactive effect on May 1, 2008. See Supp. to 2007 Guidelines Manual, § 1B1.10(c) (eff. May 1, 2008). A sentence reduction is authorized only if retroactive application of the amendment would result in a lower applicable Guidelines range. See U.S.S.G. § 1B1.10(a); 18 U.S.C. § 3582(c)(2). A sentence reduction is not authorized under § 3582(c)(2) if "an amendment . . . does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 Application Notes 1(A) (emphasis added).

Acosta is ineligible for a sentence reduction for two

reasons. First, he was not convicted of a crime involving crack. He was convicted and sentenced for conspiracy to possess with intent to distribute cocaine only. Second, Acosta received the statutory minimum sentence of ten years for the cocaine offense, pursuant to 21 U.S.C. § 841(b)(1)(a). Thus, his applicable Guideline range is unaffected by the crack amendment, and a sentence reduction is not authorized. Accordingly, his motion is denied. The Clerk of the Court is respectfully directed to close the motion. (doc. no. 75).

SO ORDERED.

Dated:   New York, New York
         October 31, 2008

                                    JOHN F. KEENAN
                                    United States District Judge